# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE L. SANDOVAL,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br>BANK OF AMERICA,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09CV2305-LAB (WVG)<br><br>**ORDER OF DISMISSAL** |

    Plaintiff filed her complaint in this case on October 16, 2009, along with a motion for leave to proceed *in forma pauperis* (IFP) and a motion for appointment of counsel. On December 3, the Court ordered Plaintiff to show cause why this action should not be dismissed as fanciful or frivolous. In particular, the Court's order pointed out what appeared to be the only possibly non-frivolous claim in her complaint, a claim against Bank of America based on allegations that its employees conspired to steal her money. The order pointed out Plaintiff had brought numerous other dismissed actions alleging theft of money from her bank account. The Court ordered Plaintiff to show cause why this action should not be dismissed as fanciful or frivolous by explaining the relationship, if any, between her claims of bank theft in this case and the claims she brought in previous cases. The order warned Plaintiff that if she did not show cause as ordered, the action would be dismissed.

In response, Plaintiff filed a pleading styled "RICO Case Statement," which is as disjointed as her complaint. Between lines of text in the form, which she ignores, she has hand-written her remarks. The pleading begins, "Yes, many Bank of America employees at Bank of America, Main Street, Brawley, California, planned to steal money from me . . . ." It then discusses a massive break-in by other alleged criminals who she says took bank statements and other documents from her house, kidnaping and injuring her in the process. She then accuses several other people of stealing the money from her bank account.

In light of the new pleadings, Plaintiff appears to be attempting to litigate claims arising from a break-in she believes occurred in 1986 (*see* Complaint at 1–2), which was the subject of a good deal of previous, now-dismissed, litigation. *See, e.g., Sandoval v. Castillo*, 08cv1622-WQH (Complaint, Docket no. 1). In addition, the complaint suffers from the defect of failing to show why Defendant would be liable for any of the alleged harm. Furthermore, even if Plaintiff had RICO claims against anyone arising from thefts in 1986, those claims appear to be time-barred. *See Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (explaining that statute of limitations for RICO claims is four years) (citation omitted).

If Plaintiff believes she can amend her complaint to remedy these defects, she must file her amended complaint no later than the close of business Monday, January 4, 2010. The amended complaint must be timely filed and comprehensible, and must meet the requirements set forth in Fed. R. Civ. P. 8 or it will be either rejected or dismissed.

For reasons discussed above, the complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

DATED: December 17, 2009

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge